IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:06CV132-RLV-DSC

| | |
|---|---|
| KIMBERLY A. MOORE, )<br>  Plaintiff, )<br>  )<br>  vs. )<br>  )<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social )<br>Security Administration, )<br>  Defendant. )<br>  ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and "Memorandum in Support ..." (document #10), both filed February 12, 2007; and the Defendant's "Motion for Summary Judgment" (document #11) and "Memorandum in Support of the Commissioner's Decision" (document #12), both filed April 1, 2009.  On April 25, 2007, Plaintiff filed a further "Memorandum in Opposition to [Defendant's] Motion" (document #13).

On July 14, 2009, this case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

**I. PROCEDURAL HISTORY**

On May 25, 2004, Plaintiff filed an application for a period of disability and Social Security

disability benefits ("DIB"), alleging she was unable to work as of July 1, 1992, as a result of "back problems, migraines, stomach disorder, acid reflux, [and a] learning disability." (Tr. 65.) Plaintiff's claim was denied initially and upon reconsideration.

Plaintiff filed a timely Request for Hearing, and on September 7, 2005, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated February 17, 2006, the ALJ denied Plaintiff's claim, finding Plaintiff only had sufficient quarters of coverage to remain insured for DIB purposes through December 31, 1997; that Plaintiff had not engaged in substantial gainful activity since July 1, 1992 (her alleged onset date); that Plaintiff suffered from a history of back pain, headaches, and gastroesophageal reflux disease, which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1; that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform medium work[2] that involved simple directions, instructions, and tasks; that Plaintiff could perform her past relevant work as a salad bar worker and pants hanger; and therefore that Plaintiff had not met her burden to show that she was disabled as of her date last insured, December 31, 1997, and was not disabled for Social Security purposes. See 20 C.F.R. §§ 404.101, 404.130-404.131; and Johnson v. Barnhart, 434 F.3d 650, 655-656 (4th Cir. 2005).

---

[1]The Social Security Regulations define "residual functional capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2]"Medium" work is defined in 20 C.F.R. § 404.1567(c) as follows:

> Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

By notice dated August 15, 2006, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on October 16, 2006. On appeal, Plaintiff assigns error to the ALJ's alleged failure to consider certain evidence of back pain and to properly evaluate her past relevant work. See Plaintiff's "Memorandum in Support ..." at 3-8 (document #10). The parties' cross-motions for summary judgment are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.  DISCUSSION OF CLAIM

The question before the ALJ was whether the Plaintiff became "disabled" as that term of art is defined for Social Security purposes at any time prior her date last insured, December 31, 1997.[3] It is not enough for a claimant to show that she suffered from severe medical conditions or impairments which later became disabling. The subject medical conditions must have become disabling prior to the date last insured. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971) (no "manifest error in the record of the prior administrative proceedings" where Plaintiff's conditions did not become disabling until after the expiration of his insured status).

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
   inability to engage in any substantial gainful activity by reason of any medically determinable
   physical or mental impairment which can be expected to result in death or which has lasted or can
   be expected to last for a continuous period of not less than 12 months . . . .
        Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

In her first assignment of error, Plaintiff alleges that the ALJ only considered evidence indicating that she gave birth in January 1994, and suffered left hand and left forearm contusions on January 17, 1995, while ignoring the November 18, 2004 opinion from Dr. Michael R. Miller, her treating physician, stating that she "suffered from chronic back pain and problems for approximately 10 years, bad and ongoing headache problems, and ha[d] recently been extensively worked up and diagnosed with fibromyalgia" (Tr. 207), as well as her own testimony that she gave birth to her son on January 28, 1994 (Tr. 333) and Dr. Miller's treating note, dated October 7, 1997, confirming Plaintiff's complaint that she suffered back pain off and on since giving birth. (Tr. 277.)

Far from ignoring the above-mentioned evidence, the ALJ considered it when determining whether Plaintiff was disabled and properly concluded that the subject evidence did not support a finding of disability. First, the ALJ noted Dr. Miller's opinion that Plaintiff "suffered from chronic back pain and problems for approximately 10 years, bad and ongoing headache problems, and ha[d] recently been extensively worked up and diagnosed with fibromyalgia." (Tr. 21-23.) Further, the ALJ noted that Plaintiff gave birth in January 1994 (Tr. 22), and he referenced Dr. Miller's October 7, 1997, treating note stating that Plaintiff had complained of back pain since giving birth to her son. Id.

However, the ALJ found that Dr. Miller's November 18, 2004 opinion was entitled to "very little weight." (Tr. 23.) Indeed, the Fourth Circuit has established that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of the alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20

5

C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178, citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

The ALJ determined that contrary to Dr. Miller's opinion, the medical evidence of record revealed that Plaintiff did not seek treatment for her back pain before her insured status expired on December 31, 1997, nor did she seek such treatment after she obtained medical insurance in 1998 (Tr. 23). See Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) ("an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility"); and Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling").

Moreover, the ALJ noted that while Dr. Miller indicated on October 7, 1997 that Plaintiff suffered from back pain off and on since giving birth, he did not attribute Plaintiff's then-complained of back pain to a long-standing impairment but, rather, found that it was caused by an acute lumbosacral strain. (Tr. 22, 277.) In other words, substantial evidence supported the ALJ's conclusion that Dr. Miller's November 18, 2004 opinion, his October 7, 1997 treatment note, and Plaintiff's testimony that she had suffered back since giving birth did not mandate a finding that Plaintiff was disabled at any time prior to the expiration of her insured status on December 31, 1997.

Concerning Plaintiff's second assignment of error, it is equally clear that substantial evidence supports the ALJ's conclusion that Plaintiff's RFC of medium work involving only simple directions, instructions, and tasks permitted her to continue to perform her past relevant work as a

6

salad bar worker and pants hanger.

In addition to the medical record which, as discussed above, showed Plaintiff never sought treatment for her back pain prior her date last insured, Plaintiff testified that she was able to prepare meals, sweep, mop, and vacuum (Tr. 345); be "real active" (Tr. 364); and perform all the yard work and other cleaning at her house. (Tr. 364-365.) Plaintiff's ability to perform those tasks supported the ALJ's finding that Plaintiff retained the physical RFC to perform medium work. (Tr. 23, 24 at Finding 6.) See SSR 96-8p (ALJ's judgment about claimant's RFC should be based on all relevant evidence in record, including, inter alia, reports of daily activities); 20 C.F.R. § 404.1545(a) (when deciding claimant's RFC, ALJ considers not only medical evidence, but descriptions and observations provided by claimant and others such as family, neighbors, and friends).

The ALJ also properly applied the standard for determining a claimant's residual functioning capacity based on subjective complaints of pain and, in this case, the record contains substantial evidence to support the ALJ's conclusion that Plaintiff's testimony was not fully credible. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [her] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The record contains evidence of Plaintiff's history of back pain, headaches, and gastroesophageal reflux disease – which <u>could</u> be expected to produce some of the pain claimed by Plaintiff – and thus the ALJ essentially found that Plaintiff could satisfy the first prong of the test articulated in Craig. However, the ALJ also correctly evaluated the "intensity and persistence of [her] pain, and the extent to which it affects [her] ability to work," and found Plaintiff's subjective description of her limitations not to be credible.

"The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life." Mickles, 29 F.3d at 921, citing Hunter v. Sullivan, 993 F.2d 31 (4th Cir. 1992) (claimant's failure to fill prescription for painkiller, which itself was indicated for only mild pain, and failure to follow medical and physical therapy regimen, supported ALJ's inference that claimant's pain was not as severe as he asserted). In this case, the record before the ALJ clearly established an inconsistency between Plaintiff's claims of inability to work and her objective ability to carry on with significant daily activities, such as taking care of her personal needs and doing household chores and yard work. Her claims were also contradicted by the medical records. Although the medical records establish that the Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Moreover, in determining whether Plaintiff's RFC would permit her to perform her past relevant work, the ALJ considered Plaintiff's past work as she described it, stating:

> [Plaintiff] described her past work as a salad bar worker to entail cutting up vegetables and putting them on the bar. She also cleaned the work area and was required to lift up to five pounds (equivalent to a box of lettuce). Her past job as a pants hangar primarily required standing and working with boxes of hangers weighing up to 15 pounds. She was able to learn this job in less than a day. As such, the claimant's past relevant work as a salad bar worker and pants hanger did not require the performance of work-related activities precluded by her residual functional capacity.

(Tr. 23, 335-37.)

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923, citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the medical records and residual functional capacity, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #11) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within ten (10) days after service of same.  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).   Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365.   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED**.

Signed: July 20, 2009

David S. Cayer
United States Magistrate Judge